

FILED
CLERK, U.S. DISTRICT COURT
DEC - 1 2017
CENTRAL DISTRICT OF CALIFORNIA
BY　　　AF　　　DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JOSEPH PATRICK ZUNIGA, <br> Defendant. | Case No. CR 17-3008M <br> ORDER OF DETENTION |

I.

On November 30, 2017, Defendant made his initial appearance on the criminal complaint filed in this matter. Deputy Federal Public Defender ("DFPD") Richard Goldman was appointed to represent Defendant. DFPD Kim Savo, specially appearing on behalf of DFPD Rick Goldman, represented Defendant at the initial appearance. A detention hearing was held.

The Court issues the following Order of Detention.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of

the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:
- ☒ substance abuse history and current methamphetamine use
- ☒ previous failures to appear for DMV violations
- ☒ extensive criminal history
- ☒ failure to report to probation office as directed.

As to danger to the community:
- ☒ Criminal History includes felony convictions for bringing alcohol and drugs into a prison in 2011 and 2014, concealing a weapon in 2012, receiving stolen property in 2013 and 2014, possession of a controlled substance in 2013, and assault with a deadly weapon in 2016, along with misdemeanor convictions for drug related offenses in 2011 and 2013. In addition, defendant has had numerous law enforcement contacts, involving – within the past three years – for controlled substance violations, receiving stolen propertyDefendant is currently on summary probation until August 2020.
- ☒ History of Substance Abuse
- ☒ History of probation violations.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: December 1, 2017            /s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE